Peter J. Matje, Appellant, *v.* City of Philadelphia, Police Department, and Workmen's Compensation Appeal Board, Appellees.

Argued September 12, 1973, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Daniel J. McAleer,* with him *Stanley Bashman, Charles C. Hansford* and *Thomas F. McDevitt,* for appellant.

*James J. Kerwick,* with him *Howard D. Scher* and *Benjamin Cherry,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., November 9, 1973:

This is an appeal from an Order of the Workmen's Compensation Appeal Board (Board) which denied benefits to a partially disabled Philadelphia policeman (Claimant). We are unable to resolve the question of the reasonableness of Claimant's refusal to undergo recommended medical treatment and of the availability of compatible secondary employment under Philadelphia's Rule 32 program which are at issue in this appeal, and must remand because a portion of the testimony, of the City's medical witness, Doctor Raymond Stein, was apparently misplaced by the Board. This testimony is critical to a determination of whether or not medical services in fact were tendered to Claimant by the City, and any attempt at review by this Court, without this testimony, would be meaningless. *Del Penn Steel Corp. v. Abrams,* 8 Pa. Commonwealth Ct. 226, 302 A. 2d 875 (1973).

Moreover, we suggest that the Board specify in its Findings of Fact the extent to which Claimant's refusal of surgery aggravated his injury if indeed it finds that such surgery was offered by the City and Claimant was unreasonable in his refusal to accept surgery. *See Patterson v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A. 2d 778 (1973).

## ORDER

AND Now, this 9th day of November, 1973, the Order of the Workmen's Compensation Appeal Board, dated December 7, 1972, is vacated and the record is remanded for further proceedings consistent with this opinion.