Sidney S. Lerner, M.D., Administrator of the Estate of Samuel Lerner, Deceased, Appellant, *v.* Philadelphia Psychiatric Center and Pennsylvania Manufacturers' Association Insurance Company, Appellees.

Argued April 4, 1975, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Sidney S. Lerner,* appellant, for himself.

*David L. White,* with him *John F. McElvenny,* for appellees.

OPINION BY JUDGE WILKINSON, May 2, 1975:

On January 9, 1970, the decedent, Samuel Lerner, an aide at the Philadelphia Psychiatric Center, employer-appellee, suffered a skull fracture when struck on the head by a patient. Decedent entered into a compensation agreement with appellees for total disability. The insurer-appellee paid decedent's medical bills and made compensation payments during the period from January 9, 1970, to March 11, 1970, the date decedent returned to work. Decedent worked continuously for a few weeks, and then began experiencing pain in his left leg. He then worked sporadically for a few more months until all employment terminated. Decedent died on December 21, 1971.

It is apparently uncontested that the disabling leg pain, which began sometime after decedent's return to work on March 11, 1970, was directly related to a worsened condition of diabetes which, prior to the January 9 injury, had apparently been of a relatively mild nature. It is appellant's position, as administrator of his deceased brother's estate, that the January 9 injury was the sole and direct cause of the worsened diabetic condition.

On July 24, 1970, the insurer-appellee filed a termination petition alleging that any disability due to the January 9 accident ceased on or before March 11, 1970. The insurer-appellee had stopped payments to decedent when decedent returned to work on March 11.

The above facts are not directly involved in this appeal, and we specifically do not pass on the merits of the relative positions taken by the parties, as they are still being litigated before the compensation authorities. The facts are presented only as an aid in understanding the subsequent event which precipitated the instant appeal.

On November 7, 1973, appellant had a judgment entered against appellees in the amount of $30,000.00 by the Prothonotary of the Philadelphia County Court of Common Pleas pursuant to Section 428 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §921 (Supp. 1974-1975). Appellant claims that appellees were "in default in compensation payments for thirty days or more" between March 11, 1970, when payments were stopped, and July 24, 1970, when the termination petition was filed. Appellees filed a motion to open the judgment which was granted by the court below. This appeal followed and we must affirm.

Section 428 of the Act provides:

"Whenever the employer who has accepted and complied with the provisions of section three hundred five, shall be in default in compensation payments for thirty days or more, *the employe or dependents* entitled to compensation thereunder may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the *employe or his dependents,* as a judgment against the employer or insurer liable under such agreement or award. Where the

compensation so payable is for a total and permanent disability, the judgment shall be in the amount of thirty thousand dollars less such amount as the employer shall have actually paid pursuant to such agreement or award. Such judgment shall be a lien against property of the employer or insurer liable under such agreement or award and execution may issue thereon forthwith." (Emphasis added.)

The employee, decedent, had no dependents. Appellant, being neither the employee nor one of his dependents, had no authority to enter the judgment.

Affirmed.