Raymond Robachinski, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Glen Nan, Inc., Respondents.

Argued September 13, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*George A. Yavorek*, for petitioner.

*John R. Lenahan, Sr.*, with him *Joseph A. Murphy*, and *Lenahan, Dempsey & Murphy*, and *James N. Diefenderfer*, for respondents.

*Benjamin L. Costello*, for amicus curiae, United Mine Workers of America.

OPINION BY JUDGE BLATT, December 19, 1977:

This is an appeal by Raymond Robachinski (claimant) from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision. awarding compensation for total disability caused by anthracosilicosis.

The claimant was employed in the anthracite min-: ing industry for a period of 28 years. For the last 22 months of this period, he was employed by Glen Nan, Inc., his last day of work being October 12, 1973. On October 17, 1973, he filed a claim petition pursuant to The Pennsylvania Workmen's Compensation Act[1] (Act) which alleged that he had become totally and permanently disabled because of anthracosilicosis on October 13, 1973. A referee subsequently disallowed the claim and the Board affirmed the referee's deci-sion, dismissing the appeal on October 24, 1974. No further appeal was taken from the Board's action on this claim.

The claimant filed another claim petition on August 15, 1975, again alleging that he had become totally and permanently disabled because of anthracosilicosis, but this time indicating that the date his disability began was August 13, 1975. After several hearings before the same referee who had denied the prior claim petition, the referee found that the claimant had become permanently and totally disabled from anthracosilicosis on August 13, 1975 because of the accumulated effect of all of his exposure to a silica hazard and awarded compensation. The Board reversed the referee upon appeal, concluding that the prior finding that the claimant was not disabled was res judicata and that it barred any subsequent petition averring disability from the same employment without any additional employment exposure. This appeal followed.

Section 427 of the Act, 77 P.S. §876.1, provides that this Court's scope of review in workmen's compensation appeals is that defined in Section 44 of the Administrative Agency Law,[2] 71 P.S. §1710.44. Section 44

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[2] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

limits our scope of review here to a determination of whether or not an error of law was committed, constitutional rights were violated, or whether or not findings of fact were unsupported by substantial evidence. The sole issue presented here is whether or not the doctrine of res judicata applies to a claimant who has failed to prove that he was disabled due to anthracosilicosis on a prior claim petition and prevents that claimant from filing a subsequent claim petition alleging the same disability arising from the same employment without any additional employment exposure.

The doctrine of res judicata has developed generally to encompass the effect of one judgment upon a subsequent trial or proceeding. For the doctrine to apply from one proceeding to another, there must be a concurrence of four conditions: (1) identity in the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Stevenson v. Silverman*, 417 Pa. 187, 190, 208 A.2d 786, 787-88, *cert. denied*, 382 U.S. 833 (1965); *McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 617, 300 A.2d 815, 820 (1973). In this case the second condition has not been met and the Board's order, therefore, must be reversed and the referee's order reinstated.

We held in *McCarthy, supra,* that, when in both the old and the new proceedings the subject matter and the ultimate issues are the same, there is an identity of causes of action for purposes of res judicata. The state of the claimant's health at a given time is the subject matter of a claim petition alleging disability because of anthracosilicosis with the ultimate issue being whether or not the claimant is disabled within the meaning of the Act at the time alleged in the petition. Here, the claimant's initial petition alleged total dis-

ability because of anthracosilicosis on October 13, 1973. His second petition, however, alleged total disability because of anthracosilicosis on August 13, 1975, a date some 22 months later. The subject matter and the ultimate issues of the claim petitions differ, therefore, in the time periods in which disability is alleged, and we believe that this difference renders the doctrine of res judicata inapplicable.

In reversing the referee's decision, the Board relied on Section 418 of the Act, 77 P.S. §833, which provides in pertinent part:

The findings of fact made by a referee to whom a petition has been assigned or any question of fact has been referred under the provisions of section four hundred and nineteen shall be final, unless an appeal is taken as provided in this act.

While this section clearly prohibits a collateral challenge to a referee's findings of fact, limiting any challenge to the findings to a direct appeal as provided in the Act, we do not believe that this section has any application here. The referee's finding that the claimant was not disabled on October 13, 1973 was not challenged in the subsequent claim petition which alleged disability on a different date.

The fact that the claimant did not have additional employment exposure in the period between his first and second claim petitions does not make the referee's subsequent finding of disability unreasonable, for the progressive nature of occupational diseases has long been recognized by the courts of the Commonwealth. In *McIntyre v. E. J. Lavino & Co.*, 344 Pa. 163, 165-66, 25 A.2d 163, 164 (1942), our Supreme Court stated:

Occupational diseases are, from a legal standpoint, peculiar in this—that they arise, not from an accident or event happening at a precise moment, but from a day by day exposure

to unhealthful conditions over an extended period; the exact time of their origin is necessarily obscure and their insidious progress is not revealed until, frequently after a long interval, the disability which they create manifests itself.

In the absence of a referee's prior finding that the claimant did not have the disease at all, the lack of additional employment exposure does not make the referee's subsequent finding of disability unreasonable.

The order of the Board is reversed and the referee's award of compensation is reinstated.[3]

ORDER

AND Now, this 19th day of December 1977, the order of the Workmen's Compensation Appeal Board dated September 23, 1976 and docketed at A-71178 is hereby reversed and the referee's order is reinstated. Further, it is ordered that judgment be entered in favor of Raymond Robachinski and against the Commonwealth of Pennsylvania and Glen Nan, Inc., in the amount of $100 per week from August 13, 1975 and continuing within the limitations of the Workmen's Compensation Act.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, is liable for payment of 25% of the compensation awarded, or $25 per week. Glen Nan, Inc. or its insurance carrier Rockwood Insurance Company is liable for the payment of 75% of the compensation awarded, or $75 per week.

---

[3] The application of res judicata was the only issue appealed both to the Board and to this Court. Consequently, there are no remaining issues of law or fact which would require a remand. Cf. Matje v. City of Philadelphia, 11 Pa. Commonwealth Ct. 99, 312 A.2d 470 (1973).

Payment is to be made in accordance with Section 121.21(b) of the Rules and Regulations of the Bureau of Occupational Injury and Disease Compensation. Interest is hereby assessed on all deferred payments of compensation at the rate of 10% per annum in accordance with Section 406.1 of the Workmen's Compensation Act.