Sidney S. Lerner, M.D., Administrator, Estate of Samuel Lerner, Deceased, Appellant *v.* Philadelphia Psychiatric Center, Appellee.

Sidney S. Lerner, M.D., Administrator, Estate of Samuel Lerner, Deceased, Appellant *v.* Philadelphia Psychiatric Center, Appellee.

Argued October 9, 1980, before Judges MACPHAIL, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Sidney S. Lerner,* appellant, for himself.

*Patrice F. Toland,* with her *Daniel F. Monahan,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., February 2, 1981:

This matter has been previously before this Court in the case of *Lerner v. Philadelphia Psychiatric Center,* 18 Pa. Commonwealth Ct. 636, 339 A.2d 910 (1975). In that case, we addressed the standing of Sidney S. Lerner, M.D. to enter judgment against The Philadelphia Psychiatric Center pursuant to Section 428 of The Pennsylvania Workmen's Compensation Act (Act).[1] The Philadelphia Psychiatric Center, along with its insurer, was one of the appellees in that case, and is appellee in the case at bar. Appellant in both

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §921.

cases is Dr. Sidney S. Lerner. Briefly, the factual background of both actions is as follows: Appellant's brother, Samuel Lerner (decedent), was last employed by appellee as a psychiatric aide. On January 9, 1970, while performing his duties, decedent was struck on the head by a psychotic patient and suffered severe head injury with skull fracture and brain damage. Decedent subsequently entered into a compensation agreement with appellee for total disability, and continued to be compensated until March 11, 1970 when he returned to work. On July 24, 1970, appellee's insurer filed a Petition for Termination, alleging that any disability due to the January 9, 1970 accident ceased on or before March 11, 1970. Decedent's death occurred on December 21, 1971 following a heart attack.

On November 3, 1973, appellant, as administrator of his brother's estate, entered judgment against appellee and its insurer in the Philadelphia County Court of Common Pleas pursuant to Section 428 of the Act. Appellant claimed that appellee and its carrier were "in default in compensation for thirty days or more" during the period from March 11, 1970, when payments to decedent were stopped, and July 24, 1970, when the termination petition was filed. Following entry of judgment, appellee filed a motion to open the judgment, which was granted by the court below. We affirmed, holding that Section 428 of the Act authorized the *employee* or his *dependents* to enter judgment against an employer in default in compensation payments for thirty days or more; appellant "being neither the employee nor one of his dependents, had no authority to enter the judgment."

The case at bar represents still another attempt by appellant to enter judgment against appellee under the provisions of Section 428. Appellant caused judgment to be entered against appellee during the April, 1977

Term of the Court of Common Pleas, as well as during the October Term, 1978. The lower court granted each of the appellee's motions to open the judgments. Appellant thereafter filed the instant appeals which we have consolidated for disposition.

We are governed by our earlier decision as well as the principle of *res judicata* in disposing of the case at bar.

It is the well settled law of this Commonwealth that the doctrine of *res judicata* applies when there is a concurrence of four conditions: (1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. *Thompson v. Karastan Rug Mills*, 228 Pa. Superior Ct. 260, 323 A.2d 341 (1974).

Apparently, appellant is only challenging the satisfaction of the second element when he contends that *res judicata* does not apply here because the subsequent judgments were entered on "different defaults." However, this contention must be rejected. Appellant has at all times claimed that appellee is in default in compensation payments over the same period of time: from March 11, 1970 to July 24, 1970. Thus, appellant has offered no factual basis whatsoever for his contention that he is now suing on a different cause of action. We must, therefore, conclude that all the requirements necessary to invoke the doctrine of *res judicata* have been satisfied.

Having previously held that appellant has no authority to enter judgment against appellee, we apply the doctrine in dismissing the instant appeals. Appellant is barred by *res judicata* from relitigating the matter.

### ORDER

AND NOW, this 2nd day of February, 1981, the orders of the Court of Common Pleas of Philadelphia County in the above matter are affirmed.