Katie Black, Administratrix of the Estate of Marvin Conley, Deceased, Appellant *v.* Billy Penn Corporation and Liberty Mutual Insurance Co., Appellees.

Katie Black, Administratrix of the Estate of Marvin Conley, Deceased, Appellant *v.* Billy Penn Corporation and Liberty Mutual Insurance Co., Appellees.

Walter Gay, Jr., Appellant *v.* Billy Penn Corporation and Liberty Mutual Insurance Co., Appellees.

Walter Gay, Jr., Appellant *v.* Billy Penn Corporation and Liberty Mutual Insurance Co., Appellees.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Walter Gay, Jr.,* for appellants.

*Daniel J. Gallagher,* with him *John C. Janos* and *Joseph R. Thompson,* for appellees.

OPINION BY JUDGE BLATT, March 16, 1983:

In these consolidated cases, Katie Black, Administratrix of the Estate of Marvin Conley (claimant),

and her attorney Walter Gay, Jr., are appealing decisions of the Court of Common Pleas of Montgomery County and the Court of Common Pleas of Philadelphia County. Both trial courts ordered that the judgments entered against the Billy Penn Corporation and its insurer, Liberty Mutual Insurance Co. (appellees) be stricken.

The facts of the unusual workmen's compensation case are not in dispute. The claimant, while in the employ of the appellee, Billy Penn Corporation, received a compensable injury under the terms of Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(6), namely, the loss of a leg. Compensation proceedings began and before the referee rendered a decision in favor of the claimant on March 13, 1980, the claimant died of causes unrelated to the work injury. In an effort to collect the award of the referee, attorney Gay filed Praecipes to Enter Judgment in the aforementioned common pleas courts in the name of the claimant's estate and for himself, as an attorney entitled to 20% of the award.

Several questions of statutory construction are here involved. Admittedly, there are several sections of the Act which flatly contradict one another. Our decision-making process in such a situation, of course, is guided by the rules of construction provided by the General Assembly, and one such rule is that there is a presumption that the General Assembly intends the entire statute to be effective. Section 1922(2) of the Statutory Construction Act of 1972 (Act of 1972), 1 Pa. C. S. §1922(2). Likewise, Section 1932 of the Act of 1972, 1 Pa. C. S. §1932, provides that statutes in pari materia shall be construed together, if possible.

The claimant's estate and the attorney argue that the trial court erred in striking the judgments and cite

Section 410 of the Act, 77 P.S. §751 which provides in pertinent part:

> In case any claimant shall die before the final adjudication of his claim, the amount of compensation due such claimant to the date of death shall be paid to the dependents entitled to compensation, or, if there be no dependents, then to the estate of the decedent.

The appellees respond with other relevant sections of the Act which may seem to support their position that the trial court acted properly. Stating the issue narrowly, as whether or not an administratrix of an estate or an attorney for a claimant may properly have a judgment entered, the appellees point to Section 428 of the Act, 77 P.S. §921, which states in pertinent part:

> §921. Final judgment on default in payments; entry in common pleas; lien of judgment and execution thereon
>
> Whenever the employer, who has accepted and complied with the provision of section three hundred five, shall be in default in compensation payments for thirty days or more, *the employe or dependents entitled to compensation thereunder* may file a certified copy of the agreement and the order of the department approving the same or of the award or order with the prothonotary of the court of common pleas of any county, and the prothonotary shall enter the entire balance payable under the agreement, award or order to be payable to the employe or his dependents, as a judgment against the employer or insurer liable under such agreement or award. (Emphasis added.)

It is undisputed that neither party seeking compensation here is the "employe" or "a dependent entitled to compensation." In *Lerner v. Philadelphia Psychiatric Center,* 18 Pa. Commonwealth Ct. 636, 339 A.2d

632

910 (1975),[1] a case remarkably similar to the proceeding at bar, this Court held that the administrator of the employee's estate simply had no authority to have a judgment entered under Section 428 of the Act. And, when the letter of a statute is clear and unambiguous, this Court is not free to engraft additional verbiage upon it in a supposed effort to pursue its spirit. Section 1921(b) of the Act of 1972, 1 Pa. C. S. §1921(b). Moreover, the legislature certainly knows how to and could have included a deceased claimant's estate among the parties included in the section. Should change in this section be considered wise, however, that change must come from the legislature and not from this Court.

We believe that the holding in *Lerner*, barring an administrator, is correct. And we are additionally persuaded by Section 306(g) of the Act, 77 P.S. §541, regarding specific losses. Prior to the 1972 Amendments to this statute, the death of the claimant from a cause unrelated to the compensable injury, terminated all responsibility for the continuation of payment. 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, §5.23 (1975). *See Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 389 A.2d 42 (1978). The amendments here cited gave certain statutorily-defined dependents the right to receive the payments, and, if none of these dependents survive, then the estate may make a claim. The legislature, however, has clearly and unambiguously chosen to limit the amount of the estate's claim. Section 306(g) of the Act, 77 P.S. §541, provides in pertinent part:

> Should the employe die from some other cause than the injury, payments of compensa-

---

[1] *See also, Lerner v. Philadelphia Psychiatric Center*, 56 Pa. Commonwealth Ct. 421, 425 A.2d 470 (1981) (holding administrator's second attempt under Section 428 of the Act barred by res judicata.).

tion to which the deceased would have been entitled . . . shall be paid to the following persons who at the time of death . . . were dependents . . . in the following order and amounts:

. . . .

(7)   If *there be no dependents eligible to receive payments* under this section then *the payments shall be made to the estate of the deceased but in an amount not exceeding reasonable funeral expenses* as provided in this act or if there be no estate, to the person or persons paying the funeral expenses of such deceased in an amount not exceeding reasonable funeral expenses as provided in this act. (Emphasis added.)[2]

This section, which was enacted in a 1972 amendment, prevails over the section cited by the claimant's estate, Section 410 of the Act, 77 P.S. §751,[3] for it is a more recent pronouncement of the law. Section 1936 of the Act of 1972, 1 Pa. C. S. §1936. And, because it is also a more particular statute, it controls over the general. Section 1933 of the Act of 1972, 1 Pa. C. S. §1933.

In light of the above, we believe the trial court was correct in striking the judgments, *Lerner,* and we will, therefore, affirm.[4]

---

[2] *See also,* 2 A. Larson, The Law of Workmen's Compensation, §58.40 (1975) (noting that in specific loss or periodic payment situations, the heirs generally do not have a claim to the payments in the absence of a statute and that the authority contra, *e.g.* New York's statute, allows a claim to dependent heirs and if no dependent heirs, limits the estate's award to funeral expenses). Pennsylvania's statute is consistent with this view.

[3] This section may be said to be applied in situations where the claimant dies of work-related causes. *See Fehr v. Y.M.C.A., Pottsville,* 201 Pa. Superior Ct. 107, 192 A.2d 143 (1963).

[4] This decision is a narrow one. Whatever liability may still exist among these parties is a matter for the compensation authorities to decide.

634

### ORDER IN 2148 C.D. 1980

AND Now, this 16th day of March, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

### ORDER IN 3050 C.D. 1980

AND Now, this 16th day of March, 1983, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

---

### ORDER IN 2486 C.D. 1980

AND Now, this 16th day of March, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

### ORDER IN 3051 C.D. 1980

AND Now, this 16th day of March, 1983, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.