John E. Marshall, Petitioner *v.* Workmen's Compensation Appeal Board (Gulf & Western Industrial Products Company, etc.), Respondents.

McIntosh & Hemphill, Division of Gulf & Western Industrial Products Company et al., Petitioners *v.* Workmen's Compensation Appeal Board (John E. Marshall), Respondents.

Submitted on briefs October 5, 1983, to Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*John J. Petrush,* for petitioner/respondent.

*Leonard P. Kane, Jr., Fried, Kane, Walters & Zuschlag,* for respondent/petitioner.

OPINION BY JUDGE BLATT, December 16, 1983:

John E. Marshall (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's order to set off the pension benefits received by the claimant as credits applied against the compensation payable. Appeal No. 37 C.D. 1982. McIntosh and Hemphill (employer) also appeal here the order of the Board which affirmed the referee's order not to dismiss this claim as being untimely filed. Appeal No. 210 C.D. 1982. (The cases were consolidated for argument.)

On October 23, 1969, the claimant was injured in the course of his employment. The parties entered

into a compensation agreement which lasted until June 12, 1970, when the claimant signed a final receipt and returned to work. On January 27, 1971, because of a recurrence of the original disability, the parties executed a supplemental agreement and the claimant again received compensation until January 28, 1971, when he executed a second final receipt and returned to work. On May 7, 1971, the parties agreed upon still another supplemental agreement, again because of a recurrence of the original injury, and this agreement lasted until July 7, 1971 when the claimant signed a third final receipt. In October of 1972, the claimant again left his employment because of his 1969 injuries, and upon the advice of his personnel supervisor, he applied for and received sick and accident benefits from October 12, 1972 to October 31, 1973. Then, on November 1, 1973, he was granted payments under a disability pension program which he continues to receive. On March 3, 1977, he filed the instant reinstatement petition requesting reinstatement of compensation benefits effective from 1972. This petition was dismissed by a referee who reasoned that it was not timely filed and was therefore barred by the Act. The Board affirmed, but its order was reversed by this Court in *Marshall v. Workmen's Compensation Appeal Board (Marshall I)*, 43 Pa. Commonwealth Ct. 426, 418 A.2d 768 (1979), which remanded the case to the Board with instructions, *inter alia*, to accept the claimant's petition as timely filed. The Board, in turn, remanded to the referee, who set aside the final receipt, reinstated compensation, and allowed the pension benefits paid by the employer to be credited against the compensation payable. The Board affirmed this order and, also rejected the employer's claim that the petition was untimely filed.

No. 37 C.D. 1982

The claimant argues that the Board erred in allowing the pension payments to operate as a set-off against the compensation payments. In *Creighton v. Continental Roll and Steel Foundry Co.*, 155 Pa. Superior Ct. 165, 38 A.2d 337 (1944), our Superior Court held as follows:

> [W]hen an employee is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or exceeded the compensation payable. (Emphasis in original.)

*Id.* at 173, 38 A.2d at 341. The claimant contends that, inasmuch as the pension payments failed to equal or exceed the compensation payable, *Creighton* precludes the pension payments from operating as a set-off.

In *Temple v. Pennsylvania Department of Highways*, 455 Pa. 539, 285 A.2d 137 (1971), our Supreme Court clarified the law on credits, denying as a credit the sick leave payments made to an employee for what was determined later to be a compensable injury. The Court then said that ". . . sick leave like vacation pay is an incident or benefit provided under the work agreement and is an entitlement like wages for

services performed." *Id.* at 542, 285 A.2d at 139. In *Peoples Natural Gas v. Workmen's Compensation Appeal Board (Keith),* 65 Pa. Commonwealth Ct. 119, 441 A.2d 1364 (1982) our Court construed *Temple* as follows: "[the] critical distinction made by the Supreme Court in *Temple* was that sick leave, in contrast to sickness or accident benefits, is something that an employee is entitled to regardless of whether or not he has suffered a compensable injury." *Id.* at 123, 441 A.2d at 1367. We must determine here, therefore, whether or not the claimant's disability pension is similar to the sick leave in *Temple* (which would not be credited) as opposed to sickness or accident benefits (which would be credited).

The record before us, unfortunately, fails to make any findings concerning the terms and conditions of the disability pension payments, and, without such information, we are unable to apply the proper legal tests. And, when, as here, the record presented is incomplete, lacking evidence essential to a determination of the issue, our proper course of action is to remand. *See: Hill v. City of Philadelphia and Workmen's Compensation Appeal Board,* 24 Pa. Commonwealth Ct. 611, 357 A.2d 227 (1976); *Matje v. City of Philadelphia Police Department and Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 99, 312 A.2d 470 (1973).

We will, therefore, remand for proceedings consistent with this opinion.

## No. 210 C.D. 1982

The employer contends here that the Board erred in failing to set aside the final receipt, pursuant to Section 434 of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,*

77 P.S. §1001,[1] because the claimant exceeded the two year time limit for filing. In contrast to its argument in the prior proceedings before us,[2] the employer argues here that the claimant had until July of 1973 to file his petition because he executed his last final receipt in July of 1971, and that the payment of benefits, which we previously held to toll the limitation period, *Marshall I,* is irrelevant because it began three months *after* the alleged deadline of July of 1973. The employer's argument, however, misconceives our holding in *Marshall I.*

The critical factor in our determination that the pension payments tolled the statute of limitation in *Marshall I* was that they were not "wages or salary." *Id.* at 431, 418 A.2d at 771. Here, however, from October of 1973, the claimant received *sick and accident benefits,* which are not wages or salary and, which, therefore, did toll the statute of limitations. *See Creighton v. Continental Roll and Steel Foundry Co.,* 155 Pa. Superior Ct. 165, 173-74, 38 A.2d 337, 341 (1944).

We, therefore, affirm the order of the Board.

---

[1] Section 434 of the Act, as was applicable for the present action, provided in pertinent part:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within two years from the date to which payments have been made, set aside a final receipt, . . .

[2] In *Marshall I,* the employer contended that the payments from the disability pension fund were dispositive on the statute of limitations issue. He now contends that they are irrelevant.

134

ORDER IN 37 C.D. 1982

AND Now, this 16th day of December, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is vacated and remanded for proceedings consistent with the opinion.
Jurisdiction relinquished.

ORDER IN 210 C.D. 1982

AND Now, this 16th day of December, 1983, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.