Sullivan Trail Manufacturing Co., Petitioner *v.* Workmen's Compensation Appeal Board (Wetzel), Respondents.

Argued November 14, 1983, before President Judge CRUMLISH, JR., and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*James E. Pocius, Lenahan & Dempsey,* for petitioner.

*Thomas K. Noonan, Noonan & Noonan,* for respondents.

OPINION BY JUDGE DOYLE, February 6, 1984:

This is an appeal by the Sullivan Trail Manufacturing Company (Sullivan) of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Carl Wetzel for total disability under Section 108 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1. We affirm.

On January 27, 1974, Wetzel, who had worked for Sullivan for twenty years in the mining industry, filed a Claim Petition alleging total disability due to exposure to a silica hazard. Following a hearing, com-

pensation was denied and on appeal that denial was sustained by the Board.

On July 14, 1977, Wetzel filed a new Claim Petition alleging that he became totally disabled due to anthracosilicosis on March 15, 1977. Following a hearing, benefits were granted. On appeal, the Board remanded for clarification of the referee's decision, and, following two more hearings, benefits were again awarded. On appeal, the Board affirmed. Petition for review by this Court followed.

Before this Court, Sullivan argues that the referee and the Board erred in failing to dismiss the second Claim Petition;[1] Sullivan urges that Wetzel failed to overcome the legal effect of the denial of the first occupational disease claim.

In *Robachinski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977) we held that, because of the progressive nature of anthracosilicosis, the denial of a claim petition for an occupational disease does not necessarily preclude the filing of subsequent claims.

Sullivan concedes that *Robachinski* is controlling in the case at bar but argues that the referee erred in awarding benefits without a finding that Wetzel's condition had worsened since the denial of the first claim petition. We disagree; *Robachinski* requires no such finding. Our opinion in *Robachinski* noted that the subject matter of a claim petition is the state of the claimant's health at a given time, and whether or not he or she is disabled at the time alleged in the petition. While we must admit that after a finding that

---

[1] Sullivan initially urges error in the failure of the referee to deal specifically with its motion to dismiss on res judicata grounds. This was not error. The referee's award of benefits constituted sufficient denial of the motion and no formal action was necessary.

a claimant was not disabled at some earlier time, subsequent findings that the claimant was disabled at some later time *implicitly suggest* that the claimant's condition had worsened, under the precise holding of *Robachinski,* the referee need only determine whether the claimant is disabled at the time alleged and need not engage in a before and after analysis.

Sullivan next urges that the referee's finding that Wetzel is disabled was in error because it was based on the medical evidence adduced at the hearing for the first claim petition which resulted in a finding of no disability. While we would agree that if this were the only evidence in the record supporting the referee's finding it would be insufficient, such is not the case here. In addition to the test results offered previously, Wetzel offered the testimony of his doctor, after an examination conducted subsequent to the first denial of benefits, that, in his opinion, Wetzel was presently disabled. In addition, the record contains testimony by an independent physician appointed by the referee concluding, after clinical examination as well as analysis of previously conducted tests, that Wetzel was presently disabled. This constitutes substantial evidence to support the referee's findings.[2]

## ORDER

Now, February 6, 1984, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above referenced matter, No. A-822441, dated February 3, 1983, is hereby affirmed.

---

[2] Our scope of review where the party with the burden of proof prevails before the compensation authorities is to determine whether constitutional rights were violated, an error of law committed or whether findings of fact are unsupported by substantial evidence. *Campbell Co. v. Workmen's Compensation Appeal Board (Kerr),* 74 Pa. Commonwealth Ct. 305, 459 A.2d 904 (1983).