536 A.2d 515

United States Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Kaminsky), Respondents.

Argued October 5, 1987, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

Robert C. Jones, with him, Paul A. Robb, for petitioner.

Ronald Zera, with him, William L. Lowman, and Ada Guyton, for respondents.

OPINION BY JUDGE COLINS, January 28, 1988:

United States Steel Corporation (employer) here appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the order of a Referee awarding workmen's compensation benefits to the estate of its former employee, John C. Kaminsky during the course of his employment.

On February 8, 1979, a Referee issued an order awarding Kaminsky 200 weeks of compensation for a facial disfigurement which resulted from a depressed fracture of the skull which he sustained on June 7, 1972 while in the course of his employment. Kaminsky was receiving workmen's compensation benefits for total disability for injuries he had sustained in the same accident which resulted in the disfigurement. Therefore, the Referee's order referred the obligation of the employer to make payment of the disfigurement benefits to the claimant.[1] An appeal was taken by the employer challenging only the amount of compensation awarded. In that appeal, the employer did not challenge the suspension of disfigurement benefits for so long as the claimant was receiving workmen's compensation bene-

---

[1] Concurrent payment of benefits for total disability and disfigurement benefits is proscribed by Section 306(d) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §513.

fits for total disability, the fact that the injury had in fact occurred or that a disfigurement had been sustained by the claimant. On July 26, 1979, the Board modified the amount of compensation which was awarded for the disfigurement from 200 weeks to 180 weeks. The decision of the Referee was affirmed in all other respects. Neither party appealed the decision of the Board.

Kaminsky died on November 14, 1981 due to causes unrelated to his work-related injury. He had received weekly benefits for total disability from the date of his injury on June 7, 1972 until the date of his death. Because he had continued to receive workmen's compensation benefits for total disability until his death, Kaminsky never received payment of disfigurement benefits pursuant to the Referee's award, as modified by the Board.

The instant matter was initiated by the filing of a claim petition on or about April 23, 1982, by Kaminsky's estate. The estate asserted that it was entitled to the payment of the 180 weeks of compensation awarded for Kaminsky's disfigurement which he did not receive during his lifetime. The Referee's decision on the matter was circulated on December 12, 1982. The Referee awarded the estate payment of 180 weeks of compensation and denied payment of statutory funeral expenses. On appeal, the Board affirmed the decision of the Referee, dismissed the appeal and ordered payment to the estate. The Order of the Board is now before this Court for our review.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The employer raises two issues on appeal. We shall address them *seriatim*. First, the employer avers that

the Board erred as a matter of law in awarding payment of compensation benefits in excess of reasonable funeral expenses to the estate of Kaminsky, where Kaminsky was not survived by a dependent spouse or child at the time of death. We agree.

Before this Court is a question of law, namely, whether Section 306(g) of the Act, 77 P.S. §541, precludes an award of benefits to Kaminsky's estate in excess of reasonable funeral expenses. During his lifetime, Kaminsky was awarded benefits pursuant to Section 306(c), 77 P.S. §513(22).[2] Section 306(g) of the Act, 77 P.S. §541(7), provides that payment of such benefits, after the death of the claimant shall be made as follows:

> Should the employe die from some other cause than the injury, payment of compensation to which the deceased would have been entitled to under section 306(c)(1) to (25) shall be paid to the following persons who at the time of the death of the deceased were dependents within the definition of clause (7) of section 307 and in the following order and amounts: (footnotes omitted)
>
> . . .
>
> (7) If there be no dependents eligible to receive payments under this section then the payments shall be made to the estate of the deceased but in amount not exceeding reasonable

---

[2] Section 306(c) of the Act provides:
For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

. . .

(22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

funeral expenses as provided in this act or if there be no estate, to the person or persons paying the funeral expenses of such deceased in an amount not exceeding reasonable funeral expenses as provided in this act.

At the time of his death, Kaminsky was a widower and had no surviving dependents. Therefore, subsection (7) of Section 306(g) of the Act applies in this case. That subsection limits any amount payable to an estate, of previously awarded disfigurement benefits, to reasonable funeral expenses. As indicated in Section 307(9) of the Act, 77 P.S. §561(7), reasonable funeral expenses are limited to One Thousand Five Hundred Dollars ($1,500.00). The clear language of the statute dictates that the estate of Kaminsky should receive an amount not in excess of reasonable funeral expenses in an amount of One Thousand Five Hundred Dollars ($1,500.00). We are guided in our decision by our rules of statutory construction which dictate that when the language of a statute is clear and unambiguous we may not disregard the letter of the law in pursuance of its spirit. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b). The language of the Act is clear and we must follow its mandate.

We further note that this Court in the case of *Black v. Billy Penn Corporation,* 72 Pa. Commonwealth Ct. 628, 457 A.2d 192 (1983), discussed Section 306(g) of the Act and the amendments thereto, with particularity. The court noted:

Prior to the 1972 Amendments to this statute, the death of the claimant from a cause unrelated to the compensable injury, terminated all responsibility for the continuation of payment. . . . The amendments here cited gave certain statutorily-defined dependents the right to receive the payments, and, if none of these

dependents survive, then the estate may make a claim. The legislature, however, has clearly and unambiguously chosen to limit the amount of the estate's claim.

*Id.* at 632, 457 A.2d at 193-94 (citations omitted).

The Court in *Black,* went on to cite the language of the Act which limited the estate's award to reasonable funeral expenses. We adopt the reasoning set forth in *Black* and reverse and remand this matter for the computation of reasonable funeral expenses.

The second issue addressed by the employer involves the applicability of the doctrine of res judicata to the instant proceeding. The estate claims that the employer is barred by res judicata from challenging the right of the estate to receive Kaminsky's disfigurement benefits. The estate, in its brief to this Court, asserts that the Decision and Order of the Referee circulated on February 21, 1979, awarded compensation benefits to Kaminsky's representatives in the event that he did not survive. Therefore, the estate concludes that the employer, by its failure to appeal that Decision and Order, despite the fact that the award may have been contrary to the Act, results in the employer being bound by that award. We disagree.

It is well-established that for res judicata to bar a proceeding there must be a concurrence of four conditions: (1) identity of the thing sued for: (2) identity of the cause of action; (3) identity of parties; and (4) identity of the capacity of the parties suing or being sued. *See Kurtz v. Workmen's Compensation Appeal Board (Allied Chemical Corp.),* 95 Pa. Commonwealth Ct. 110, 112, 504 A.2d 428, 429 (1986) (quoting *Robachinski v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 89, 92, 380 A.2d 953 (1977)).

At first glance, it appears that the subject matter of the present appeal and that before the Referee in the

1979 proceeding is similar, if not the same. However, upon closer examination we must conclude that there have been changes in the identity of the parties, the identity of the cause of action, and the identity of the capacity of the parties suing.

As aforementioned, the initial proceeding involved Kaminsky's claim as an employee to establish entitlement to disfigurement benefits on a weekly basis. Subsequent to an award being made, the only issue raised on appeal by the employer was a challenge to the amount of the award. Any question regarding the entitlement of Kaminsky's estate to the award was not ripe for consideration at that point in time.

The causes of action sued upon in these proceedings are distinct. The initial proceeding instituted by Kaminsky was for the determination of whether he had sustained a compensable disfigurement under Section 306(c) of the Act. The estate, in the present proceeding, sought to establish an entitlement under Section 306(g) of the Act. This Section does not resolve the issue of whether disfigurement was sustained, but rather, whether the claiming parties fulfill the dependency status requirements to be afforded benefits. The distinction between these two causes of action is clear. The issues to be resolved are not identical.

In addition, after the death of Kaminsky, the estate, as a party of the first part, and not as successor to Kaminsky's lifetime claim, instituted the instant proceeding. This establishes that the estate is a party distinct from Kaminsky, himself, who sued in the first instance on his own behalf. There is no identity of parties in these proceedings.

Furthermore, the capacities of the parties suing are clearly dissimilar in these two actions. Mr. Kaminsky was suing as an individual to establish his entitlement to benefits under the Act. The estate, in the present

proceeding, instituted the action, not to establish an individual right to compensation for an injury sustained, but instead to establish a right to monies as a legal successor of Kaminsky.

For all of the above-mentioned reasons we must conclude that because the four concurrent conditions do not exist, the doctrine of res judicata is inapplicable to this matter. We refuse, as the estate would have us, to hold that the employer should have raised, at the time that Mr. Kaminsky sought his award, the issue of the estate's entitlement to benefits. The issue was not ripe for adjudication. We will not punish the employer for its lack of the twenty-twenty hindsight that now makes it appear, although illusively, that the issue should have been raised at that point in time.

The Order of the Board is reversed and we remand for the computation of reasonable funeral expenses as defined in the Act.

## ORDER

AND NOW, this 28th day of January, 1988, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and the case is remanded for the computation of reasonable funeral expenses.

Jurisdiction relinquished.