539 A.2d 507

Omer Fields, Petitioner *v.* Workmen's Compensation Appeal Board (Duquesne Light Company), Respondents.

Submitted on briefs October 5, 1987, to Judges CRAIG, DOYLE, and BARRY, sitting as a panel of three.

*Alexander J. Pentecost,* with him, *Amiel B. Caramanna, Jr.,* for petitioner.

*John J. B. Jones, Baskin, Flaherty, Elliott & Mannino, P.C.,* for respondent.

OPINION BY JUDGE BARRY, March 28, 1988:

Omer Fields (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting a motion to dismiss of Duquesne Light Company (the employer). We reverse and remand for a decision on the merits.

The claimant was employed by the employer as a coal miner from August 17, 1948 through October 27, 1980. He has had no coal dust exposure since October 27, 1980. The claimant had filed a claim petition alleging that he had become totally or partially disabled as a result of industrial bronchitis as of August 30, 1982. A referee disallowed the claim finding, "Based upon sufficient, competent and credible medical evidence of record in this case . . . your Referee finds as fact that claimant does not have and is not disabled, totally or partially, from coal workers' pneumoconiosis, industrial bronchitis or any other work-related occupational disease."[1]

In November of 1985, the claimant filed a second claim petition alleging that he had become totally disabled as a result of his exposure to coal dust. However, the second petition alleged coal workers' pneumoconiosis as the result of the exposure and July 1, 1985, as the

---

[1] Finding of Fact No. 6, Referee Diaz's decision dated July 20, 1983.

date of his disability. On January 16, 1986, the referee granted the employer's motion to dismiss the second claim petition on the basis that it was barred by the doctrine of res judicata. The Board affirmed the referee's finding that *Robachinski v. Workmen's Compensation Appeal Board (Glen Nan, Inc.)*, 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977) controls. The claimant has appealed to this Court arguing that the Board committed an error of law in its interpretation of *Robachinski*. We agree.

Our scope of review is limited to a determination of whether there has been a violation of constitutional rights, an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

For the doctrine of res judicata to be applicable there must be *inter alia* identity of the causes of action. *See Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 345 A.2d 664 (1975). "[F]or purposes of res judicata, there is identity of causes of action when in both the old and new proceedings the subject matter and the ultimate issues are the same." *McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 618, 300 A.2d 815, 820 (1973). We do not find an identity of causes of action in this case.

The ultimate issue before the referee in the previous case was whether the claimant was disabled from industrial bronchitis as of August 30, 1982. The ultimate issue before the referee in the present case is whether the claimant was disabled from coal workers' pneumoconiosis as of July 1, 1985. As we recognized in *Sullivan Trail Manufacturing Co. v. Workmen's Compensation Appeal Board (Wetzel)*, 80 Pa. Commonwealth Ct. 144, 471 A.2d 151 (1984), occupational dis-

eases may be progressive so that the denial of a claim petition does not of necessity preclude the filing of a subsequent claim.

The employer argues, however, that while *disability* from an occupational disease may be progressive, the *presence* of the disease must be demonstrated in the first proceeding for res judicata to be inapplicable. It relies on the following language from *Robachinski* to support its argument: "In the absence of a referee's prior finding that the claimant did not have the disease at all, the lack of additional employment exposure does not make the referee's subsequent finding of disability unreasonable." 33 Pa. Commonwealth Ct. at 94, 380 A.2d at 954. Essentially, the employer argues that the corollary of this language is that where 1) a finding is made by a referee that no disease is present, and 2) there is no subsequent exposure by the claimant to his work environment, then that determination is res judicata as to any subsequently filed claim petition which alleges disability from the same or similar disease.

We cannot agree with the employer for several reasons. First, the language from *Robachinski* relied upon by the employer is clearly dicta. Accordingly, we are not bound to apply it under the present facts. Second, such a rule of law would run contrary to the firmly entrenched proposition that The Pennsylvania Workmen's Compensation Act is remedial in nature and must be construed liberally to effectuate its humanitarian objectives. *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). Finally, *Sullivan* recognized that the disability caused by an occupational disease is progressive in nature. Similarly, we find that the *manifestation* of an occupational disease *may* also be progressive in nature. Unfortunately, given the posture of this case the claimant was not given the opportunity to

introduce medical evidence to demonstrate whether the manifestation of his alleged occupational disease was progressive.

Accordingly, we reverse the Board's order affirming the referee's decision to dismiss the claimant's claim petition on the grounds of res judicata and remand the record to the referee to conduct a hearing on the merits of the claimant's second petition.

## ORDER

NOW, March 28, 1988, the order of the Workmen's Compensation Appeal Board at No. A-91137 dated November 14, 1986, is hereby reversed;

IT IS FURTHER ordered that the record in this case be remanded to the referee for proceedings not inconsistent with this opinion.

Jurisdiction is relinquished.