550 A.2d 868

Lester E. Evans, Petitioner *v.* Workmen's Compensation Appeal Board (The Deitch Company), Respondents.

Submitted on briefs September 27, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Thomas P. Geer,* for petitioner.

*Eugene F. Scanlon, Jr.,* with him, *Dion G. Rassias, Dickie, McCamey & Chilcote, P.C.,* for respondent, The Deitch Company.

OPINION BY JUDGE McGINLEY, November 30, 1988:

Lester E. Evans (Evans) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of a Referee that The Deitch Company (Employer) presented sufficient evidence to show that Evans' disability as a result of an October 7, 1977, accident had terminated.

Employer filed a termination petition on April 18, 1984, declaring that Evans had recovered from the injuries sustained in an accident which occurred in the

course of his employment on October 7, 1977. While Evans was performing his job as a "burner" he fell and struck his chest. He was disabled and a Notice of Compensation Payable was filed. A Final Receipt was executed on October 25, 1977, indicating that Evans returned to work on October 25, 1977. In a prior proceeding, Referee Ortale set aside this Final Receipt on December 5, 1980, and reinstated compensation for total disability as of January 12, 1978. The Board on June 17, 1982, affirmed Referee Ortale's decision. Referee Ortale had found that Evans ". . . suffers from depression, anxiety, and some delusion which prevent him from returning to work (p. 9). The injury of October 7, 1977, aggravated the Claimant's existing depressive and paranoid state, causing him to become more nervous, more depressed and thus affecting his thinking and concentration (p. 17)." (Referee's Decision, Finding of Fact No. 9, December 5, 1980.) Referee Ortale also found the testimony of Dr. Rau, the treating physician, more credible and convincing than the testimony of Employer's medical expert, Dr. David Spence, who examined Evans on only one occasion. (Referee's Decision, Finding of Fact No. 11, December 5, 1980.)

Employer has presently alleged in its termination petition that Evans has successfully recovered from his injuries. Employer also requested a supersedeas. Following a hearing before Referee Fahey on April 14, 1984, that supersedeas request was denied. At a second hearing before Referee Henry W. Willson, on October 10, 1985, the parties stipulated that the evidence submitted on the earlier case decided in favor of Evans could be used as background information by Referee Willson. (Referee's Decision, Finding of Fact No. 3, May 12, 1986, and Notes of Testimony, October 10, 1985, (N.T.) at 4.) At the second hearing Dr. Rau again testified on behalf of Evans and the Employer submitted the

deposition testimony of Howard B. Finkelhor, M.D., a Board physician certified in both neurology and psychiatry. Dr. Finkelhor's testimony was the same as Dr. Spence's testimony, which was rejected by Referee Ortale in the 1980 decision. Dr. Finkelhor diagnosed Evans as suffering from a schizophrenic disorder and, furthermore, that this condition currently was neither caused by nor aggravated by the original work injury sustained on October 7, 1977. (Deposition of Howard B. Finkelhor, M.D., June 19, 1984, (Deposition I), at 8 and 21.) Dr. Finkelhor stated that Evans cannot return to work because of reasons unrelated to the accident which occurred on October 7, 1977.[1] (Deposition I at 35.)

Referee Willson accepted the opinion of Dr. Finkelhor and terminated benefits.[2] The Board affirmed and held that it was not error to accept the testimony of Dr. Finkelhor. This appeal followed.

Evans argues that the opinion of Dr. Finkelhor discredits Referee Ortale's decision in 1980, because his

---

[1] The fact that Evans is still totally disabled is undisputed by both parties.

[2] Findings of Fact Nos. 6, 7, and 10 state:
6. Dr. Finkelhor diagnoses claimant as having schizophrenic [sic] going back to 1974. States this is not a problem that is aggravated or accelerated by a traumatic event. [sic] It could, however, produce some short term alterations in schizophrenic thinking behavior but that would resolve itself. This might last a couple of months.
7. Dr. Finkelhor agrees that there may have been [sic] paranoid reaction to the injury at time of injury but he now finds no evidence of paranoia. He agrees, claimant cannot [sic] return to work but for reasons other than the accident of October 7, 1977.
10. Your Referee accepts the opinion of Howard B. Finkelhor, M.D. that claimant's present problems are not a result of the accident of October 7, 1977.
Referee's Decision, May 12, 1986, at 2-3.

opinion is not only that Evans is schizophrenic now, but that he was schizophrenic all the way back to the date of the injury in October, 1977. Evans argues that this is a relitigation of the same issue and therefore is barred by the doctrine of res judicata.

Employer argues that it has the burden to prove that all disability as the result of an original work injury has ceased, and if there is any ongoing disability, that it is no longer related to the original work injury. Employer argues it has met this burden of proof through the testimony of Dr. Finkelhor.

In a case where an employer seeks to terminate benefits the employer bears the burden of proving "either that the disability has ceased or that the continued disability is the result of an independent cause," *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). Where the party with the burden of proof prevails before the Referee and the Board takes no additional evidence, this Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or a necessary finding of fact was unsupported by substantial evidence. *Cox v. Workmen's Compensation Appeal Board (Atlas Railroad Construction Co.)*, 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

In 1980, Referee Ortale decided that Evans suffered from anxiety, depression and paranoia as a result of his October 7, 1977, work injury, contrary to the medical testimony presented by Employer of David L. Spence, M.D., that Evans' condition ". . . is clearly schizophrenia, pure and simple." (Deposition of David L. Spence, M.D., February 13, 1980, (Deposition II) at 22.) Evans argues that the issue then and now is the same—whether Evans suffers from schizophrenia. Evans relies on *Miller v. Workmen's Compensation Appeal Board*

*(Warren Hess, Inc.)*, 70 Pa. Commonwealth Ct. 116, 452 A.2d 608 (1982), wherein this Court stated:

> We have repeatedly held that due to the progressive nature of the debilitating effects of an occupational disease, a claimant who has not prevailed in a previous petition seeking total disability is not barred by res judicata from refiling his claim in an attempt to prove disability on a later date. See e.g. Armco Steel Corp. v. Workmen's Compensation Appeal Board, 60 Pa. Commonwealth Ct. 195, 431 A.2d 363 (1981); Caggiano v. Workmen's Compensation Appeal Board, 42 Pa. Commonwealth Ct. 524, 400 A.2d 1382 (1979); Robachinski v. Workmen's Compensation Appeal Board, 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977). However, in each of these cases the determinative fact establishing the inapplicability of the doctrine of res judicata was that the later claim petition alleged the onset of disability at a later point than had been first alleged. Therefore, we reasoned, the issue before the referee with respect to the second claim petition was not the same issue as had been earlier decided.

*Id*. at 121, 452 A.2d at 610.

We do not have before us "a claimant who has not prevailed in a previous petition seeking total disability . . . refiling his claim in an attempt to prove disability on a later date," (*Id.*) If we did, Evans' reliance on *Miller* would be to his detriment. Herein, the Employer filed a petition to terminate compensation. The issue before Referee Willson was not the same issue that had been decided in 1980 by Referee Ortale. In 1980 the issue was whether Evans was totally disabled as a result of his October 7, 1977 work injury. The issue before Referee Willson was whether Evans' *ongoing* disability

in 1984 was still a result of his work injury in 1977. Referee Willson accepted Dr. Finkelhor's opinion that Evans is *currently* suffering from schizophrenia and that if he had been suffering from paranoia and depression as a result of his 1977 work injury, it had resolved itself by the time Dr. Finkelhor had seen him in 1984. (*See* Footnote 2 herein.)

It is well established that for res judicata to bar a proceeding there must be a concurrence of four conditions: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of parties; and (a) identity of the capacity of the parties suing or being sued. *United States Steel Corporation v. Workmen's Compensation Appeal Board (Kaminsky)*, 113 Pa. Commonwealth Ct. 137, 536 A.2d 515 (1988); *Robachinski v. Workmen's Compensation Appeal Board (Glen Nan, Inc.)*, 33 Pa. Commonwealth Ct. 89, 92, 380 A.2d 952, 953 (1977). Herein the second condition has not been met.

In *Robachinski,* this Court stated that it held in *Township of McCandless v. McCarthy,* 7 Pa. Commonwealth Ct. 611, 617, 300 A.2d 815, 820 (1973) that:

> . . . when in both the old and the new proceedings the subject matter and the ultimate issues are the same, there is an identity of causes of action for purposes of res judicata. The state of the claimant's health at a given time is the subject matter of a claim petition alleging disability because of anthracosilicosis with the ultimate issue being whether or not the claimant is disabled within the meaning of the Act at the time alleged in the petition. Here, the claimant's initial petition alleged total disability because of anthracosilicosis on October 13, 1973. His second petition, however, alleged total disability because of anthracosilicosis on August 13, 1975, a

date some 22 months later. The subject matter and the ultimate issues of the claim petitions differ, therefore, in the time periods in which disability is alleged, and we believe that this difference renders the doctrine of res judicata inapplicable.

*Robachinski,* 33 Pa. Commonwealth Ct. at 92-93.

Evans' initial petition in December, 1980, alleged total disability because of paranoia and depression caused by Evans' work injury in 1977. Employer's termination petition, filed in April of 1984, a date some 40 months later, however, alleged that Evans' total disability was no longer because of paranoia and depression but because of his pre-existing condition of schizophrenia. We believe the difference renders the doctrine of res judicata inapplicable.

We agree with the Board that Employer has met its burden of proof. Accordingly, we affirm.

ORDER

AND NOW, this 30th day of November, 1988, the order of the Workmen's Compensation Appeal Board, dated April 22, 1988, at No. A-91719 is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.