557 A.2d 57

Charles Petcovic, Petitioner *v.* Workmen's Compensation Appeal Board (St. Joe Zinc), Respondents.

Argued October 4, 1988, before Judges BARRY and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for petitioner.

*Bruce E. Woodske,* for respondent.

OPINION BY JUDGE SMITH, April 13, 1989:

Charles Petcovic (Claimant) appeals from the August 14, 1987 decision of the Workmen's Compensation Appeal Board (Board) which reversed the referee's decision directing St. Joe Zinc (Employer) to pay benefits to Claimant due to his total disability from mixed-dust pneumoconiosis pursuant to The Pennsylvania Workmen's Compensation Act[1] (Act). The sole issue presented for review is whether the doctrine of res judicata bars the instant claim for occupational disease in light of a previous decision that Claimant did not suffer partial or total disability resulting from mixed-dust pneumoconiosis or any other occupational disease. The Board's decision is reversed and remanded.

Claimant was employed from March 1, 1964 to December 21, 1979 as a dust roaster operator[2] with St. Joe Zinc which produces zinc and its by-products. Claimant

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

[2] Claimant had also worked for Employer as a general laborer and Leach plant pressman/batchman prior to assuming his duties as a dust roaster operator.

filed a claim petition on January 16, 1981 alleging, *inter alia*, total disability from occupational lung diseases as of November 21, 1980 due to his exposure to dusts during his employment. Referee Lawrence Laughlin found that as a dust roaster operator, Claimant operated or controlled various equipment in the processing of cadmium bearing secondaries, lime and sulfate liquor; that Claimant also mixed asbestos with water to charge retorts; and that he was exposed to a moderate degree of fumes and dust including, among others, cadmium, zinc, lead and sulphur. Referee decision of November 22, 1982; Findings of Fact No. 5. The referee further found that Claimant had been exposed to the occupational hazard of mixed-dust pneumoconiosis and interstitial fibrosis, the occurrences of which are substantially greater in Claimant's occupation than in the general population; however Claimant did not suffer from, nor was he partially or totally disabled by, mixed-dust pneumoconiosis or any other occupationally-related disease. Accordingly, the referee denied Claimant's claim petition for benefits. Claimant thereafter appealed to the Board which affirmed the referee by order dated November 3, 1983.

Claimant filed a second claim petition for benefits on February 15, 1984, alleging that he was totally disabled from occupational pneumoconiosis as of October 7, 1983. Referee Marvin Luxemberg took judicial notice of the previous referee's determination that St. Joe Zinc's employees involved with processing materials and elements into zinc products are exposed to the hazard of mixed-dust pneumoconiosis and interstitial fibrosis; that the diseases are causally related to the occupation; and their occurrence, particularly mixed-dust pneumoconiosis, is substantially greater in the occupation than in the general population. After several hearings, Referee Luxemberg determined that Claimant became totally disabled on

October 7, 1983 as a result of mixed-dust pneumoconiosis due to total and cumulative exposure to the hazard of mixed-dust pneumoconiosis. The referee thus concluded that Claimant was entitled to compensation benefits pursuant to Sections 306(a) and 306(b) of the Act, 77 P.S. §§511-512.

Employer thereafter appealed to the Board which reversed the referee and dismissed Claimant's petition finding that the ruling on Claimant's first claim petition barred his second action by virtue of the doctrine of res judicata. Hence, Claimant's petition for review to this Court.[3]

The application of res judicata entails an identity in the thing sued upon or for; identity of the cause of action; identity of persons and parties; and identity of the capacity of parties suing or being sued. *McCarthy et al. v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973). In this regard, a recent decision by this Court in *Fields v. Workmen's Compensation Appeal Board (Duquesne Light Co.)*, 114 Pa. Commonwealth Ct. 645, 539 A.2d 507 (1988), *appeal denied*, 520 Pa. 599, 552 A.2d 253 (1988), is clearly dispositive. Upon the basis of facts which virtually mirror those presented here, this Court in *Fields* determined that since the causes of action between the first and second claim petitions entailed different ultimate issues, the doctrine of res judicata was inapplicable. Likewise, the ultimate issue raised in Claimant's first claim petition was whether Claimant was disabled from occupational lung diseases as of November 21, 1980. Claimant's second claim petition, on the other

---

[3] This Court's scope of review where both parties present evidence, as here, is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

hand, focused upon whether he was disabled from occupational pneumoconiosis as of October 7, 1983. Application of the doctrine of res judicata is therefore precluded under the facts of this case.

Manifestations of occupational disease may be just as progressive in nature as disabilities resulting from occupational disease. *Fields*. Accordingly, the referee's initial ruling that Claimant neither suffered from, nor was disabled by, occupational disease does not preclude a subsequent finding to the contrary by Referee Luxemberg since the occupational disease may not manifest itself until a later date. Consequently, the Board's decision is reversed and this record is remanded for computation of benefits.

ORDER

AND NOW, this 13th day of April, 1989, the decision of the Workmen's Compensation Appeal Board is reversed and the record is remanded for computation of benefits.

Jurisdiction relinquished.