Charles P. Cuccaro, Petitioner *v.* Workmen's Compensation Appeal Board (United States Steel Corporation et al.), Respondents.

Submitted on briefs March 15, 1984, to Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Charles P. Cuccaro,* petitioner, for himself.

*Louis A. Raimond,* for respondent, United States Steel Corporation et al.

OPINION BY JUDGE PALLADINO, May 2, 1984:

Charles P. Cuccaro (Claimant) was employed as an ironworker by United States Steel Corporation (Employer) until he sustained a back injury in 1978. Claimant was adjudged to have been partially disabled but received total disability compensation when the Employer failed to show that other suitable work was available to the Claimant.

Claimant filed an amended petition to have his disability status reviewed and changed to total disability under Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1] The referee found that Claimant was not totally disabled as a result of his earlier compensable injury; that the Employer sustained its burden of proof with regard to the availability of other suitable work; and that the earlier referee's award should be modified to provide for partial disability compensation. The Workmen's Compensation Appeal Board (Board) affirmed the referee's decision without taking additional evidence.

We note at the outset that Claimant's *pro se* brief raises numerous arguments and issues together with

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

supporting authority, which are clearly inapposite and not within the jurisdiction of this Court. Accordingly, we will confine ourselves to the sole inquiry of Claimant's disability status and the relevant determinations thereof.

In the present appeal we are faced with the unusual situation of both parties having a separate burden of proof. Claimant possessed the onus of proving a change in his disability status[2] while the Employer bore the burden of proving the availability of alternative suitable employment for the Claimant.[3]

Claimant failed to carry his burden while the Employer succeeded; thus our scope of review is bifurcated. The finding as to Claimant's unchanged disability status must stand unless there has been either a capricious disregard of competent evidence or inconsistencies between the factual findings or between those findings and the conclusions of law made below. *Vavro v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 462, 464, 439 A.2d 841, 842 (1981). The finding of alternative suitable employment must be upheld absent an error of law or factual findings which are unsupported by substantial evidence. *J. I. Haas Co., Inc. v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 82, 84-85, 437 A.2d 786, 787 (1981). Questions of credibility and evidentiary weight remain within the exclusive province of the fact finder. *Id.*

After a thorough review of the record including three different hearings before a referee we are unable to say that there has been a capricious disrgard

---

[2] *Chamberlain v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 72, 75, 429 A.2d 110, 111 (1981).

[3] *Main Line Convertible v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 467, 469, 439 A.2d 1250, 1251 (1981).

of competent evidence concerning Claimant's disability status. Claimant's doctor testified that Claimant was able to do some light work, which coincides with the earlier finding of partial disability. Claimant's naked assertion that he is in more pain now than before is insufficient to support a finding of total disability. We thus affirm the finding of Claimant's unchanged disability status.

Turning to the availability of suitable employment, the record is replete with numerous job offers, most of which require no heavy lifting and are essentially sedentary in nature. The authenticity of the offers themselves was a determination to be made by the fact finder. Finding substantial evidence to support the determination that suitable employment was available to the Claimant, we affirm the decision to modify Claimant's disability award to reflect the availability of such employment.

ORDER

AND Now, May 2, 1984, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.