557 A.2d 792

Nicholas Kanyan, Petitioner *v.* Workmen's Compensation Appeal Board (Helvetia Coal Company), Respondents.

Argued October 4, 1988, before Judges BARRY and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Timothy P. Creany,* for petitioner.

*Paul E. Sutter, Tillman & Thompson,* for respondent, Helvetia Coal Company.

OPINION BY JUDGE SMITH, April 14, 1989:
Nicholas Kanyan (Claimant) appeals the August 14, 1987 order of the Workmen's Compensation Appeal

Board (Board) which reversed the referee's decision directing Helvetia Coal Company (Employer) to pay benefits to Claimant for his partial disability resulting from coal workers' pneumoconiosis.[1] The issue presented for review is whether Claimant's medical evidence was sufficient to support the referee's award of benefits. The Board is affirmed.

Claimant was a supply man for Employer for approximately seven years ending in January, 1979. Claimant filed two claims for occupational disease benefits in 1979 and in 1981; and in both cases, Claimant relied upon the testimony and medical evidence of Robert F. Klemens, M.D. (Klemens). Both claims were denied by different referees. Claimant filed the third and instant claim on April 14, 1983, slightly more than four months following the denial of his second claim, and once again, relied upon Klemens' diagnosis.[2] On January 25, 1984, the referee awarded Claimant partial disability compensation which Employer appealed to the Board. On December 6, 1985, the Board reversed and remanded to the referee to determine whether Claimant's breathing condition had changed relative to the prior claims, which would indicate that the third petition was a new claim and not merely a repetition of Claimant's previous petitions.[3]

---

[1] Benefits were awarded under Section 301(c)(2) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

[2] Doctors George D. Hanzel and Joseph R. Patterson offered medical evidence and testimony refuting Dr. Klemens' diagnosis. As it is the prerogative of the referee in a workmen's compensation case to accept or reject the testimony of any witness in whole or in part, this Court will not review the competing testimony of the physicians. *See Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986).

[3] *See Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977) where this Court

On January 23, 1986, a remand hearing was held where both parties presented oral arguments but introduced no additional evidence or testimony. On June 11, 1986, the referee awarded Claimant benefits and found, based solely on Claimant's prior testimony of July 12, 1983, that his breathing condition had deteriorated. Again, Employer appealed to the Board which reversed the referee noting that Claimant had failed to provide unequivocal medical testimony to support his claim, and instead had offered in substance the same testimony from Klemens which was presented in two prior claims. Thus, Claimant's third claim did not constitute a new claim but rather a collateral attack on the decisions of prior referees. Hence, Claimant's petition for review to this Court.[4]

As both parties note, occupational diseases may be progressive so that the denial of one claim does not necessarily preclude the filing of subsequent claims. *Sullivan Trail Manufacturing Co. v. Workmen's Compensation Appeal Board (Wetzel)*, 80 Pa. Commonwealth Ct. 144, 471 A.2d 151 (1984). Additionally, this Court has held that the manifestation of an occupational disease may also be progressive in nature and that claimants should be given the opportunity to introduce medical evidence sufficient to demonstrate whether said manifestations are progressive. *Fields v. Workmen's Compensation Appeal Board (Duquesne Light Co.)*, 114 Pa. Commonwealth Ct. 645, 539 A.2d 507 (1988), *appeal denied*, 520 Pa. 599, 552 A.2d 253 (1988). The Board here re-

---

held that the progressive nature of many occupational diseases allows for Claimant's new, future benefit claims if it is determined that claimant is disabled at the time alleged in the future claim.

[4] This Court's scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988).

manded to the referee to allow Claimant to prove his change in condition or manifestation of illness. Yet, Claimant's third petition substantively relied upon the same medical diagnosis given by Klemens in Claimant's prior claims. When asked if his diagnosis had changed or if Claimant's manifestation of pneumoconiosis had worsened since the previous claims, Klemens replied in the negative several times.[5] Upon reversal and remand, the Board specifically ordered that the referee determine if there had been a change in Claimant's manifestation of pneumoconiosis that would establish Claimant's third petition as a new claim rather than a relitigation of his prior claims.[6] *See Robachinski.*

In the instant case, the referee's finding of Claimant's partial disability was based on Klemens' medical evidence which was substantively similar to x-rays and diagnosis he had previously given and which had been denied as insufficient by two prior referees. This Court has held

---

[5] On cross-examination Klemens admitted that over the four year period 1979-1983 Kenyan's complaints were consistent and his x-rays failed to show any significant change. In fact, the 1982 and 1983 x-rays were identical. Certified Record, Testimony of Dr. Robert F. Klemens at pp. 4-6, 8.

[6] Claimant argues that Employer's untimely mention of the res judicata defense renders said defense waived on appeal to this Court. It is noted, however, that although the technical rules of pleading and civil procedure do not govern workmen's compensation proceedings, the rationale that fact finders should be given the earliest opportunity to correct errors and develop a complete record should be applied accordingly. *Wing v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981). The record indicates that, from the outset of the proceedings, Employer requested that the referee terminate Claimant's case due to his presentation of substantially the same medical evidence. The fact that Employer did not label the objection by its technical name of res judicata is not a substantive argument. Thus, Employer did inherently raise the res judicata issue; however, the fact that the referee did not address this issue is irrelevant to the disposition of this case.

that such repetitive evidence is insufficient to support a referee's findings of disability. In *Sullivan*, the Court stated that if a claimant's only evidence for a second claim is based upon the medical evidence adduced at a hearing on a first claim petition which resulted in a finding of no disability, then such evidence is insufficient.

On remand, the referee based his affirmation of claimant's benefits on a mere reiteration of Claimant's initial testimony stating that his breathing had worsened. In *Cuccaro v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 82 Pa. Commonwealth Ct. 172, 474 A.2d 741 (1984), this Court held that claimant's own testimony in and of itself was insufficient to show a change in disability status and that medical testimony was necessary. A determination that certain medical testimony is equivocal or insufficient is a conclusion of law and as such fully reviewable. It is the function of the reviewing court to review such conclusions of law and to ascertain that the facts found are supported by substantial evidence. *Lewis v. Commonwealth*, 508 Pa. 360, 498 A.2d 800 (1985). Considering the insufficiency of Claimant's medical evidence to support the referee's findings and conclusions, the Board's reversal order was correct.

Accordingly, the Board is affirmed.

## ORDER

AND NOW, this 14th day of April, 1989, the order of the Workmen's Compensation Appeal Board is affirmed.