**Carolyn L. FAUST, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SEARS ROEBUCK AND COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 5, 1995.
Decided July 6, 1995.

---

Donald F. Smith, Jr., for petitioner.

Katherine M. Mezzanotte, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Carolyn L. Faust (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that reversed a decision by a referee granting Claimant's reinstatement petition. We affirm.

Claimant initially suffered a work-related accident, allegedly injuring her lower back and neck, while employed by Sears Roebuck and Company (Employer) on May 10, 1985. She received benefits pursuant to a notice of compensation payable. On October 9, 1987, Employer petitioned for a suspension, alleging that Claimant had recovered sufficiently as of July 21, 1987, to allow a return to work at a job within her physical capabilities at or greater than her pre-injury wage. A supersedeas was granted by the referee and Claimant was employed sporadically in a light duty capacity during the pendency of the litigation. On February 7, 1989, Claimant filed a petition for penalties and for reinstatement (first reinstatement petition), claiming a change of status as of that date. The referee issued his decision as to both Employer's petition and Claimant's petitions on December 12, 1989 (first decision), suspending benefits as of July 21, 1987, having determined that Claimant was capable of light duty work which was available to her. The referee dismissed Claimant's petitions, concluding that Claimant failed to establish a recurrence of her disability or that she suffered psychological problems resulting from her May 10, 1985 work injury. Her penalty petition was also dismissed, the referee having found no violations warranting it. The Board's decision issued October 10, 1990 affirmed the referee's decision. Claimant did not appeal this decision.

On February 19, 1991, Claimant again filed a reinstatement petition (second reinstatement petition), alleging that she suffered a recurrence of her work-related injury as of January 22, 1991, as a result of surgery performed on that date and subsequent therapy. A different referee heard testimony and issued a decision (second decision), granting Claimant's petition. This second decision was in part based upon the deposition testimony of Stanley L. Grabias, M.D., a board certified orthopedic surgeon, who began treating Claimant in early 1989 and had testified for Claimant during the litigation of the first reinstatement petition.

Dr. Grabias' testimony was not found credible in the first decision. Moreover, Dr. Grabias indicated that, although Claimant suffered from thoracic outlet syndrome (upper back area) and cervical disc syndrome (neck area), her thoracic outlet syndrome represented the major reason for her symptoms but that he could not relate that syndrome directly to her work injury. In the second litigation, in which Dr. Grabias was found credible, he testified that on January 22, 1991, he performed an anterior cervical disk removal and fusion, at which time he discovered a cervical disc protrusion which he believed was causally related to Claimant's original work-related injury. Dr. Grabias also testified that Claimant developed left neck and shoulder pain after reaching up to grab a trapeze bar three or four days following surgery. Despite the surgery performed just prior to the filing of the second reinstatement petition, in essence, Dr. Grabias' testimony was the same at both depositions. He admits that his diagnosis as to Claimant's condition has not changed. In both depositions he relates Claimant's neck problems to her work injury.

In its answer to Claimant's second reinstatement petition, Employer raised as a defense the doctrine of res judicata. The second referee concluded that "Claimant's litigation of the reoccurrence [sic] of disability claim was not litigated before Referee Isadore Krasno [first referee] and therefore, the principles of res judicata do not apply." Sec-

ond referee's decision, p. 3. However, the second referee's decision granting Claimant's reinstatement petition was reversed by the Board. The Board, relying on *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), held that the issue of whether Claimant's neck problems were work related was decided and found, in the initial litigation, *not* to be related to her work injury and that this same issue cannot be relitigated in the second.

On appeal,[1] Claimant argues that res judicata should not have been applied by the Board as a basis to reverse the grant of benefits to her. Claimant contends that the first referee's suspension of benefits presumes a continuing disability and that her second reinstatement petition was filed because of a worsening of her condition coupled with a subsequent period of disability. Claimant relies on *Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa.Commonwealth Ct. 89, 380 A.2d 952 (1977), for the proposition that when the state of a claimant's health at a given time is the subject of a petition the issue is whether the claimant is disabled at the time alleged in the petition. Because the time alleged in the first petition is different from the time alleged in the second one, Claimant contends that res judicata does not apply.

In response, Employer argues that res judicata applies because the same parties, cause of action, subject matter and capacity of the parties are involved now as were involved in the first litigation. Specifically, Employer contends that Dr. Grabias, provided essentially the same evidence in this second litigation as he did in the first. Relying on *Kanyan v. Workmen's Compensation Appeal Board (Helvetia Coal Co.)*, 125 Pa.Commonwealth Ct. 173, 557 A.2d 792, *petition for allowance of appeal denied*, 523 Pa. 652, 567 A.2d 655 (1989), and *Sullivan Trail Manufacturing Co. v. Workmen's Compensation*

*Appeal Board (Wetzel)*, 80 Pa.Commonwealth Ct. 144, 471 A.2d 151 (1984), Employer asserts that medical evidence substantially similar to previously provided testimony found insufficient by a prior referee is insufficient to support a second referee's finding of disability. Simply, Employer's argument is that because Claimant's neck problem was held not to be work related by the first referee, it cannot be found to be work related by the second referee based on essentially the same testimony.

In the recent case of *Dillon v. Workmen's Compensation Appeal Board (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994), the Supreme Court recognized that determination of the status of an injured employee's disability is subject to change, pointing to the language of Section 413 of The Pennsylvania Workmen's Compensation Act,[2] which provides that a referee may, at any time, modify, reinstate, suspend, or terminate, an original or supplemental agreement or an award, upon petition filed by either party. Moreover, both the *Kanyan* and *Sullivan* courts recognized the progressiveness associated with occupational diseases and that the denial of one claim does not necessarily preclude the filing of subsequent claims. However, both cases stand for the idea that the same medical evidence provided in a prior case and found insufficient by a prior referee cannot support a finding of disability under a new petition.

We believe that *Kanyan* and *Sullivan* control our decision here. Where substantially similar medical evidence was found insufficient to support a finding that Claimant's neck and shoulder problems were causally connected to her work-related injury in a prior proceeding, that evidence is insufficient to support such a finding in a subsequent action. The subject matter and the ultimate issue, i.e., whether Claimant's neck and shoulder problems were work related, were

1. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensa-*

*tion Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772.

litigated in the first proceeding and cannot be relitigated in the second. The alleged difference in time is of no moment under the facts here. *Compare Evans v. Workmen's Compensation Appeal Board (Deitch Co.)*, 121 Pa.Commonwealth Ct. 364, 550 A.2d 868 (1988), *petition for allowance of appeal denied*, 525 Pa. 606, 575 A.2d 571 (1990) (initial petition and subsequent petition alleged two different causes for a claimant's disability so that res judicata was found inapplicable). Here, both petitions allege that a neck and shoulder problem is causally related to Claimant's work-related injury. A determination rejecting the causal connection in the first case cannot be relitigated; res judicata applies.

Accordingly, the order of the Board is affirmed.

### ORDER

NOW, July 6, 1995, the order of the Workmen's Compensation Appeal Board, dated December 1, 1994, at No. A92–1897, is affirmed.