**ALPO PETFOODS, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NEFF), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 9, 1995.

Decided Aug. 7, 1995.

**6.** Given our disposition of this issue, we need not address Employers' remaining arguments.

James M. Connelly, for petitioner.

William Z. Scott, Jr., for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Alpo Petfoods, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a Workers' Compensation Judge (WCJ) denying Employer's suspension petition. As we conclude that the WCJ's decision does not satisfy the requirements of Section 422(a) of the Workers' Compensation Act (Act),[1] we vacate and remand.

■ On February 22, 1990, Clarence Neff (Claimant) sustained a work-related injury and received compensation for total disability pursuant to a notice of compensation payable. On May 15, 1992, Employer filed a petition to suspend compensation alleging that Claimant had recovered from his injury and was capable of performing work which was available to him.[2]

Both parties presented evidence at hearings before the WCJ. After finding the testimony of Claimant, Christopher G. Lynch, M.D., and Cynthia Smith, Employer's witness, to be credible, the WCJ concluded that Employer failed to meet its burden of proof and denied the suspension petition.

Employer appealed to the Board, arguing that the WCJ's decision was not supported by substantial evidence because it failed to reference certain portions of testimony given by Dr. Lynch, Claimant's medical expert. The Board affirmed, dismissing Employer's appeal.[3]

■ On appeal to this Court,[4] Employer asserts that the WCJ erred in departing from the analysis required under *Kachinski.* Employer argues that the evidence, including testimony found credible by the WCJ, established that Employer notified Claimant of an available job which would be modified as necessary to suit Claimant's ability and that Claimant failed to follow through on this offer in good faith.

During the hearings, Employer offered into evidence a letter, dated April 21, 1992, which was sent to Claimant by Ms. Smith and which advised Claimant of an available job in Employer's maintenance department. (R.R. 114a.) The letter stated that the duties of the job included sorting and handling of spare parts, basic paperwork duties, and minimal housekeeping tasks, such as sweeping, dusting and trash removal. The letter was accompanied by a job analysis, also admitted into evidence, which included the following language: "If medically permissible, minimal housekeeping tasks, such as sweeping, dusting, and trash removal, would also be required.... Employer would be amenable to further job modifications, should good faith following through on job referrals. *Id.*

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.

2. An employer who petitions for modification of benefits bears the burden of proving that the claimant's disability has abated and that work is available which the claimant is able to perform. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987). The employer must produce medical evidence of a change in the claimant's condition and evidence of referrals to then-open jobs which fit into the occupation for which the claimant has been given medical clearance; once the employer meets its burden, the burden shifts to the claimant to demonstrate that he acted in

3. In its order, the Board mistakenly states that it dismisses *Claimant's* appeal.

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

the physician so direct on any duties that maybe [sic] objectionable." (R.R. 115a.)

Claimant testified that he received the letter and job analysis, but that he did not respond to the offer because he did not believe he was capable of performing the job.

Dr. Lynch first saw Claimant on May 12, 1992. Dr. Lynch testified that he reviewed the letter and the job analysis and did not believe that Claimant could have performed the job, specifically because he did not believe that Claimant can do sweeping, dusting or trash removal. Dr. Lynch opined that Claimant is able to perform only the most sedentary work and cannot lift, bend or twist.

Dr. Lynch further testified that Claimant could perform most of the duties described in the letter, including sorting of various items and basic paperwork duties. Dr. Lynch stated that Claimant would be able to try the job if the housekeeping duties were removed (R.R. 264a) and that he would not object to Claimant's trying the job if it were modified to exclude the sweeping, dusting and trash removal duties. (R.R. 268a, 277a.)

In a decision dated April 29, 1994, the WCJ relied upon the credible testimony of Ms. Smith to find that Employer notified Claimant of an available job as a storeroom attendant. The WCJ found the testimony of Dr. Lynch to be credible that Claimant could not perform the job in question because Claimant could not do sweeping, dusting or trash removal. The WCJ concluded as a matter of law that "[Employer] has failed to offer evidence herein found credible that the claimant was physically capable of performing work which was actually available to him." (R.R. 336a.)

Section 422 of the Act[5] was amended in 1993 by the addition of the following terms:

All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The adjudicator shall specify the evidence upon which the adjudicator relies in conformity with this section. The adjudication shall provide the basis for meaningful appellate review.

■ Applying the mandates of Section 422(a), a decision on a modification petition must contain findings of fact sufficient to reflect that the appropriate analysis, as set forth in *Kachinski*, was undertaken.

In this case, the WCJ found that Employer had offered Claimant an available job, but issued no findings regarding the duties the job entailed. A finding as to whether or not the job offered was within Claimant's ability is essential to a determination under *Kachinski*. As Employer offered evidence that the job offer as communicated to Claimant stated that the requirements of the job would be modified to suit Claimant's ability, it was incumbent upon the WCJ to render a specific finding on this question of fact.

■ Of course, we recognize that the WCJ has the prerogative to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.)*, 133 Pa.Commonwealth Ct. 532, 576 A.2d 421 (1990). It is the function of the WCJ to weigh the evidence and resolve conflicting testimony. *Id.'* However, in this case the WCJ did not *address* the evidence of record which specifically relates to the nature of the job and whether Claimant could perform the duties required. Employer produced evidence that the duties required of the job offered were subject to modification, and Dr. Lynch testified that Claimant could at least try the job if it were modified; we cannot ascertain from the WCJ's decision whether he considered this evidence or what weight, if any, it was accorded. We conclude that the WCJ failed to clearly and concisely state and explain the rationale for his decision, so that we cannot determine why and how his decision was reached.

**5.** Redesignated as Section 422(a) and amended by the Act of July 2, 1993, P.L. 190, 77 P.S. § 834.

The Board erred in affirming the WCJ's decision, particularly in concluding that, after review of the entire record, there is sufficient competent evidence to support the WCJ's decision. Here there is also sufficient competent evidence, including evidence found credible by the WCJ, to support a contrary conclusion, so that meaningful appellate review cannot be performed absent at least some reference to that evidence by the WCJ.

▪ We conclude that where, as here, it is not clear from the decision why and how the particular result was reached, the proper inquiry is not whether substantial evidence supporting the result can be found within the record; rather, the case must be remanded with instructions that a decision be issued which complies with the mandates of Section 422(a) of the Act.

Accordingly, we vacate the order of the Board and remand the case to the Board with instructions to remand to the WCJ for an amended decision in accordance with this opinion.

### ORDER

NOW, August 7, 1995, the order of the Workmen's Compensation Appeal Board, at No. A94–1391, dated November 28, 1994, is vacated and the case is remanded to the Board with instructions to remand to the Workers' Compensation Judge for an amended decision consistent with this opinion.

Jurisdiction relinquished.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. The majority remands, holding that the Referee did not make sufficient credibility determinations concerning Claimant's ability to perform the proffered job. To the contrary, I would affirm the Referee's decision that Claimant was not offered a job within his medical capabilities because there is substantial evidence based on the credibility determinations made by the Referee to support that decision.

Claimant was offered a position with his pre-injury employer as a "storeroom attendant." As the majority opinion recounts, this position required sorting and handling of spare parts, basic paper work duties and minimal housekeeping tasks, such as sweeping, dusting and trash removal. As to the housekeeping duties, Employer agreed those duties would only be included if Claimant was medically cleared to undertake that portion of the position. The Employer also agreed to further modify the position to bring it within Claimant's physical capacities. Upon reviewing the proffered position, Claimant's physician opined that claimant could not do the housekeeping portion and could not lift, bend or twist.

Because Claimant was required to lift spare parts over ten pounds and sort that required one to twist and bend, there was substantial evidence to support the Referee's finding that a suitable job was not made available to Claimant. While the Employer agreed to modify the position to accommodate the disability, there is no evidence on the record how the job would be further modified to accommodate lifting, bending and twisting prohibitions.

Accordingly I would affirm.