## HAHNEMANN UNIVERSITY HOSPITAL, Petitioner,

v.

## WORKERS' COMPENSATION APPEAL BOARD (WALLACE), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 1998.

Decided Sept. 24, 1998.

---

**3.** *See Frontini* and *Hill v. Department of Transportation, Bureau of Driver Licensing,* 168 Pa.

Cmwlth. 343, 650 A.2d 1131 (1994).

Patrice A. Toland, Philadelphia, for petitioner.

Kathy Kennedy, Philadelphia, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Hahnemann University Hospital (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (WCAB)[1] affirming the decision of a workers' compensation judge (WCJ) to grant Charles Wallace's (Claimant) reinstatement petition. We vacate and remand.

On June 12, 1990, Claimant injured his right shoulder and arm while working for Employer as a grill cook. Claimant's problems recurred on November 15, 1990 while Claimant was working in Employer's mail room, pushing a mail cart. Employer accepted Claimant's injury as compensable by issuing a notice of compensation payable, under which Claimant received temporary total disability benefits of $320.22 per week. (WCJ's June 2, 1994 Findings of Fact, Nos. 1–2.) However, on December 12, 1991, Employer challenged Claimant's continuing entitlement to benefits by filing a termination petition. On June 2, 1994, following hearings on the matter,[2] the WCJ issued a decision terminating Claimant's benefits as of August 15, 1991, based on Claimant's full recovery from his work-related injury and his ability to return to work without restriction.[3] (WCJ's June 2, 1994 Findings of Fact, Nos. 15–16; WCJ's June 2, 1994 Conclusions of Law, Nos. 2–3, 5.)

On June 9, 1994, Claimant filed a petition for reinstatement of benefits alleging that, in May of 1994, his work-related condition re-

---

1. Employer filed a Petition for Supersedeas Relief in conjunction with its Petition for Review, which this court denied by order dated July 15, 1998.

2. At the hearings, Employer presented the testimony of David Saland, M.D., in support of the termination petition. Dr. Saland evaluated Claimant on August 15, 1991 and, based on a physical examination and a review of diagnostic studies of Claimant, Dr. Saland testified that, as of the date of the evaluation, Claimant's work-related problems had fully resolved, and Claimant was capable of returning to his pre-injury position without restriction. (*See* WCJ's June 2, 1994 Findings of Fact, Nos. 4–7.) In opposition to Employer's termination petition, Claimant tes-

tified on his own behalf and presented the testimony of Corey Ruth, M.D., who testified that Claimant was capable of returning to work in a modified duty position only. (*See* WCJ's June 2, 1994 Findings of Fact, Nos. 8–9.) The WCJ found Dr. Saland's testimony to be credible and rejected the testimony of Claimant and Dr. Ruth. (*See* WCJ's June 2, 1994 Findings of Fact, Nos. 10–13.)

3. Claimant appealed the WCJ's termination of his benefits to the WCAB, but withdrew the appeal prior to a decision; despite Claimant's withdrawl of his appeal, the WCAB subsequently affirmed the WCJ's decision to terminate Claimant's benefits as supported by substantial, competent evidence.

curred or worsened, resulting in the need for surgery and Claimant's inability to perform his time-of-injury duties. Employer filed a timely answer denying the allegations, and the matter was heard before the same WCJ that ruled on Employer's prior termination petition.

At the hearings on Claimant's reinstatement petition, Claimant testified on his own behalf and also presented medical testimony from Jon Fisher, D.O. and Corey Ruth, M.D. Claimant testified that the pain related to his 1990 work injury usually improved with the onset of warmer weather but that, despite the warm temperatures in May of 1994, his symptoms did not decrease as they normally did. (R.R. at 123a.) As a result, Claimant felt that his condition was getting worse, and he sought treatment from Dr. Fisher. Dr. Fisher, in turn, sent Claimant to Dr. Ruth for further evaluation, and, on August 29, 1994, Dr. Ruth performed surgery on Claimant's right shoulder. (R.R. at 123a–24a.) Claimant stated that his condition improved as a result of the surgery so that he could return to some type of work, although he remained unable to perform his time-of-injury duties. (R.R. at 124a–25a.)

Dr. Fisher testified that he first examined Claimant on June 1, 1992, at which time he noted that Claimant suffered from a decreased range of motion of the cervical and dorsal spine with pain and spasm and from a decreased range of motion of the right shoulder with pain. (R.R. at 160a, 162a.) Dr. Fisher stated that his treatment of Claimant consisted of periodic evaluations, anti-inflammatory medication, a regimen of physical therapy and a referral to Dr. Ruth. (R.R. at 162a–63a.) With regard to whether Claimant's condition worsened in May of 1994, Dr. Fisher testified that since May of 1994, Claimant complained of pain in the cervical and dorsal spine and right shoulder as well as numbness in the right shoulder, right arm and hand. (R.R. at 164a, 166a.) Dr. Fisher then noted that, following the surgery in August 1994, Claimant no longer complained of numbness and suffered only intermittent shoulder pain. (R.R. at 163, 166a.) Finally,

Dr. Fisher diagnosed Claimant as currently suffering from cervical and dorsal sprain and strain, cervical and dorsal myofascitis, status post surgery to the right shoulder, status post impingement syndrome and humeral tear, with resolved right shoulder or right arm upper extremity radiculitis. (R.R. at 170a–71a.) Dr. Fisher opined that Claimant's diagnosis was directly related to Claimant's work injury and that, as a result of Claimant's condition, Claimant could not return immediately to his time-of-injury duties. Rather, Claimant could start in a part time, light duty capacity, lifting less than twenty pounds, and advance to full duty as tolerated. (R.R. at 173a.)

Dr. Ruth testified that he began treating Claimant for shoulder and neck pain on June 2, 1992 but that, despite medication and injections, Claimant remained symptomatic with right shoulder pain. (R.R. at 80a–81a.) Based on an operative diagnosis of a right shoulder glenoid labrum tear, right shoulder impingement syndrome and right shoulder chondromalacia glenoid, grade two, Dr. Ruth felt that Claimant's work-related condition was at a point where he required further surgery,[4] and Dr. Ruth operated on Claimant's right shoulder on August 29, 1994. (R.R. at 81a–82a, 88a.) Dr. Ruth opined that Claimant's diagnosis and surgery were related to Claimant's 1990 work injury. (R.R. at 84a–85a.) Although Dr. Ruth testified that Claimant was capable of performing modified work prior to the 1994 surgery, Dr. Ruth also indicated that, as a result of the surgery, Claimant was totally disabled from August 29, 1994 through November 1, 1994, after which time Claimant could undertake light duty work without repetitive lifting or right shoulder activity and, eventually, could return to his pre-injury job. (R.R. at 86a–91a).

In opposition to Claimant's reinstatement petition, Employer presented the deposition testimony of Murray R. Glickman, M.D.. Dr. Glickman testified that he examined Claimant on January 16, 1995. Based on that examination and the medical history he received from Claimant, Dr. Glickman opined that Claimant had totally recovered from his

---

4. Prior to Dr. Ruth's treatment of Claimant, Claimant had already received physical therapy and, in 1992, had undergone surgery on his right shoulder.

original 1990 work injury and any other subsequent incidents. (R.R. at 41a–42a.) In this regard, Dr. Glickman maintained further that Claimant's problems requiring surgery in 1992 and 1994 could not have been related to Claimant's 1990 work injuries and, therefore, another incident must have occurred after Claimant recovered from those work injuries in August of 1991. (R.R. at 42a–46a, 56a–59a.) Finally, Dr. Glickman stated that, as of the date of his examination of Claimant, Claimant required no further medical treatment and could return to work without restrictions. (R.R. at 46a–47a.)

The WCJ accepted Claimant's evidence and, concluding that Claimant satisfied his burden of proving entitlement to reinstatement of benefits following a termination of those benefits,[5] granted Claimant's reinstatement petition effective May 16, 1994. Employer appealed to the WCAB arguing that the WCJ erred in reinstating Claimant's benefits because: (1) Claimant's reinstatement petition was barred by the doctrine of *res judicata;* (2) necessary findings were unsup-

ported by substantial competent evidence; and (3) meaningful appellate review was precluded by the WCJ's failure to issue a reasoned decision. The WCAB disagreed with each of Employer's arguments and affirmed the WCJ. Employer now appeals to this court, raising these same arguments for our consideration.

Employer first contends that the doctrine of *res judicata* precludes the reinstatement of Claimant's workers' compensation benefits. Relying on *Lowe v. Workmen's Compensation Appeal Board (Pennsylvania Mines Corp.),* 683 A.2d 1327 (Pa.Cmwlth. 1996), Employer argues that because Claimant's medical evidence is premised on the belief that Claimant never fully recovered from his 1990 work-related injury, Claimant's reinstatement petition sought an impermissible relitigation of the merits of the prior termination proceeding in which Claimant was adjudicated fully recovered from that injury. We disagree that Claimant's reinstatement petition is barred by the doctrine of *res judicata.*[6]

**5.** To qualify for reinstatement of compensation benefits after the issuance of a termination in favor of an employer, a claimant has the burden of establishing a causal connection between his current condition and the prior work-related injury. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). Because the effect of a termination order is to establish that the claimant has fully recovered from his work injury, in order to satisfy his burden of proof for reinstatement, the claimant must prove that his disability increased or recurred since the prior award and that his physical condition has changed in some manner. *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990).

**6.** Further, although we concede that the holding in *Lowe* is difficult to reconcile with our determination, we do not believe that *Lowe* mandates a contrary result. In *Lowe,* the claimant suffered a work-related back injury for which he received total disability benefits until his employer's termination petition was granted based on the claimant's full recovery. Subsequently, the claimant filed a reinstatement petition alleging that his work-related disability had recurred. Based on the medical evidence presented by the claimant, the referee found that the claimant's condition had changed and worsened causing his disability to recur and, accordingly, reinstated the claimant's benefits. On appeal, the WCAB reversed. The WCAB noted that the opinion of the claimant's medical witness in the reinstatement proceeding was premised on the belief that

the claimant never fully recovered from his work injury; then, because the referee in the prior termination proceeding already had determined that the claimant's work-related disability had ceased, the WCAB concluded that revisitation of the issue was barred by the doctrine of *res judicata.* An *en banc* panel of this court affirmed the WCAB's decision to deny the reinstatement of benefits; however, it is the manner in which we did so that prevents *Lowe* from controlling here.

Only three of the panel's judges affirmed the WCAB's order based on the applicability of *res judicata;* three other panel judges, although concurring in the result on other grounds, specifically refuted the fact that *res judicata* applied under the circumstances presented. The final judge dissented. Thus, because the holding in *Lowe* does not represent the opinion of the "majority," *Lowe* cannot serve as precedent for the proposition suggested by Employer.

Employer's reliance on *Faust v. Workmen's Compensation Appeal Board (Sears),* 661 A.2d 487 (Pa.Cmwlth.1995), and *Kanyan v. Workmen's Compensation Appeal Board (Helvetia Coal Co.),* 125 Pa.Cmwlth. 173, 557 A.2d 792, *appeal denied,* 523 Pa. 652, 567 A.2d 655 (1989), is also misplaced. In *Faust,* we applied *res judicata* to bar reinstatement of the claimant's benefits following a suspension; however, unlike this case, the issue in *Faust* was not whether the status of the claimant's work-related disability had changed. Rather, the claimant there sought reinstatement for a second time, presenting medi-

■ The doctrine of *res judicata* operates to preclude a claim only where there is a concurrence of four conditions: (1) identity of the subject matter; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or capacity of the parties suing or being sued. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 142 Pa.Cmwlth. 176, 597 A.2d 182 (1991), *reversed on other grounds*, 534 Pa. 327, 632 A.2d 1302 (1993). Here, the second condition has not been met.

■ Generally, it has been held that there is an identity of causes of action for purposes of *res judicata* when the subject matter and the ultimate issues are the same in both the old and new proceedings. *Id.* In this case, the ultimate issue raised by Employer in the prior termination proceeding was whether Claimant had fully recovered from his work-related disability as of August 15, 1991. However, in his subsequent reinstatement petition, Claimant alleges that his work-related injury recurred as of May 16, 1994. Clearly these issues are not identical; rather, the two proceedings involve different questions relating to the status of Claimant's disability during two unrelated time periods, differences which render the doctrine of *res judicata* inapplicable. *See Evans v. Workmen's Compensation Appeal Board (The Deitch Co.)*, 121 Pa.Cmwlth. 364, 550 A.2d 868 (1988).

■ Employer also contends that the WCAB erred in affirming the WCJ's decision to reinstate Claimant's benefits where the WCJ failed to issue a reasoned decision as required by section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 834.[7] Em-

---

cal evidence *regarding the work-relatedness* of his disability that was substantially the same as that rejected in the prior proceeding.

In *Kanyan*, the claimant had filed two claims for occupational disease benefits, relying upon the medical testimony from the same doctor. Both claims were denied, and the claimant filed a third claim, once again relying upon that doctor's diagnosis; this time, the referee awarded partial disability compensation. On appeal, the WCAB reversed, reasoning that, because the doctor provided the same testimony in the third claim proceeding that he had offered in the two prior claim proceedings, the third claim was not a new claim but, rather, was a collateral attack on the prior decisions. We agreed, noting that, although a third claim might be successful if the claimant could establish a change or worsening of his condition relative to the prior claims, the claimant's treating physician specifically stated, on a number of occasions, that the claimant's condition had not changed or worsened, and, thus, that testimony was insufficient to support a finding of disability.

7. In 1993, the legislature amended this section by adding language requiring that a WCJ explain his determination in a "reasoned decision." With the enactment of the 1993 legislation, section 422 provided:

Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient, competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that

all can determine why and how a particular result was reached. The adjudicator shall specify the evidence upon which the adjudicator relies in conformity with this section. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834(a).

In a 1996 amendment to this section, the legislature supplemented the requirement that the WCJ produce a reasoned decision, adding a further mandate with regard to the detail that a WCJ must include in such a decision. The statute now provides:

Neither the board nor any of its members nor any *workers' compensation judge* shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient, competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. *The workers' compensation judge* shall specify the evidence upon which the *workers' compensation judge* relies *and state the reasons for accepting it* in conformity with this section. *When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection.* The adjudication shall provide the basis for meaningful appellate review.

ployer concedes that, prior to the 1996 amendments to this section, this court interpreted section 422(a) as not requiring a WCJ to set forth in detail the process by which he arrived at a determination. Rather, it was sufficient that the WCJ state what the determination was in a clear and concise manner. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.),* 666 A.2d 383 (Pa.Cmwlth.1995). Indeed, we considered a reasoned decision to be one which set forth the essence of the testimony which the WCJ found credible; however, we held that section 422(a) contained no requirement that the WCJ explain why he believed one witness to be more credible than another witness. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck),* 664 A.2d 703 (Pa.Cmwlth.1995). Employer maintains that, with the 1996 amendments to section 422(a), the legislature makes it evident that a WCJ must do more than merely summarize evidence and make credibility determinations in order to satisfy the statutory criteria for a reasoned decision. Now, in addition to specifying the evidence relied upon in reaching a decision, Employer argues that the WCJ must also state his or her reasons for accepting that evidence and must adequately explain why he or she rejected or discredited competent, conflicting evidence. Employer contends that the WCJ here not only fails to provide this reasoning, but also fails to specify the evidence upon which he relied in reinstating Claimant's benefits as of May 16, 1994.[8] We must agree.

In their entirety, the WCJ's findings of fact issued with respect to Claimant's reinstatement of benefits state:

> 3. On or about May 16, 1994, Claimant had experienced a recurrence of total disability due to the November 15, 1990 work injury. Claimant filed a Reinstatement Petition alleging recurrence of his injuries

as of that date. [Employer] filed an Answer denying all material allegations.

> 4. In support of his Petition Claimant himself testified and presented the deposition testimony of his treating physicians, Dr. Corey Ruth and Dr. Jon Fisher. In opposition to Claimant's Petition [Employer] presented the deposition testimony of Dr. Murray Glickman, an evaluating physician.

> 5. The [WCJ] has reviewed all of the evidence presented in this case. The [WCJ] finds the Claimant to be a credible witness.

> 6. The [WCJ] finds the testimony and opinions of Claimant's medical witnesses, Dr. Ruth and Dr. Fisher to be more credible and persuasive than the testimony and opinions of [Employer's] medical witness, Dr. Murray Glickman.

> 7. The [WCJ] therefore finds as a fact that Claimant sustained a compensable injury to his neck, shoulder and arm and that these injuries recurred from May 16, 1994 onward.

> 8. The [WCJ] finds that [Employer] has not produced any evidence of a job offer with Claimant's restrictions despite Claimant's notice to his employer that he was willing and eager to return to light duty work.

(WCJ's Findings of Fact, Nos. 3–8; Employer's brief, Appendix B.)

Clearly these findings fail to comport with the requirements expressly set forth by the legislature in the 1996 amendments to section 422(a) of the Act. Accordingly, we vacate the order of the WCAB and remand the case to the WCAB with instructions to remand to the WCJ to render an amended decision

---

77 P.S. § 834(a) (emphasis added).

**8.** We note that the 1996 amendment to section 422(a) of the Act was enacted on June 24, 1996 and became effective 60 days later, i.e., on August 23, 1996. The WCJ's decision was issued on September 12, 1996. Although the statute was in effect at the time the WCJ issued his opinion, it was not in effect during the period under consideration or during the hearings be-

fore the WCJ. However, because this legislation concerns purely procedural matters, it is applicable not only to litigation commenced after its passage, but also to litigation existing at the time of its passage. *Galant v. Department of Environmental Resources,* 534 Pa. 17, 626 A.2d 496 (1993); *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board,* 9 Pa. Cmwlth. 176, 305 A.2d 757 (1973).

which conforms to the mandates of section 422(a) of the Act.[9]

### ORDER

AND NOW, this 24th day of September, 1998, the order of the Workers' Compensation Appeal Board (WCAB), dated December 11, 1997, is hereby vacated and the case is remanded to the WCAB to remand to the workers' compensation judge to render an amended decision in accordance with this opinion.

Jurisdiction relinquished.

---

9. Because no reasoned decision has been presented for our review, we are unable to address Employer's third argument, i.e., that the WCJ's decision is not supported by substantial evidence. Where, as here, meaningful appellate review is precluded absent a reasoned decision by the WCJ, the proper inquiry is not whether substantial evidence supporting the result can be found within the record; rather, the case must be remanded with instructions that the WCJ issue an amended decision enabling us to perform our appellate role. *Alpo Petfoods, Inc. v. Workmen's Compensation Appeal Board (Neff),* 663 A.2d 293 (Pa.Cmwlth.1995).